**Gus POSTELL, Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

**No. 19994.**

United States Court of Appeals,
Sixth Circuit.

July 20, 1970.

William C. Erbecker, Indianapolis, Ind., for petitioner-appellant; Daniel W. Davies, Newport, Ky., on the brief.

Robert E. Rawlins, Lexington, Ky., for respondent-appellee; Eugene E. Siler, Jr., U. S. Atty., Lexington, Ky., on the brief.

Before PHILLIPS, Chief Judge, and PECK and McCREE, Circuit Judges.

PER CURIAM.

Petitioner appeals from an order of the District Court denying his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. He contends that his conviction for conspiring wilfully to evade and to defeat the collection of certain excise taxes and for the substantive offense of wilfully attempting to evade and to defeat the collection of the same taxes should be vacated in light of the Supreme Court's decisions in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed. 2d 889 (1968), and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed. 2d 906 (1968). Petitioner's conviction and sentence were affirmed by this court on direct appeal prior to the Supreme Court's decisions in Marchetti and Grosso. United States v. Andrews, 347 F.2d 207 (6th Cir. 1965), cert. denied, 382 U.S. 956, 86 S.Ct. 431, 436, 15 L.Ed.2d 360 (1965).

In Marchetti, the Supreme Court held that the one who properly asserted his fifth amendment privilege against self-incrimination could not be prosecuted for refusing to comply with certain requirements of the federal wagering tax provisions of the Internal Revenue Code. In Grosso, the Court held that the failure to assert the privilege against self-incrimination at the time of trial did not constitute an effective waiver of the constitutional privilege since earlier Court decisions had established a rule contrary to the rule enunciated in Marchetti and Grosso. See United States v. Kahriger, 345 U.S. 22, 73 S.Ct. 510, 97 L.Ed. 754 (1953); Lewis v. United States, 348 U.S. 419, 75 S.Ct. 415, 99 L.Ed. 475 (1955).

Neither of these decisions is apposite here. Petitioner did not refuse to comply with the federal wagering tax provisions. To the contrary, he obtained a wagering tax registration stamp, but then fraudulently reported the income obtained in an attempt to evade the excise taxes due under the Internal Revenue Code. "[O]ne who furnishes false information to the Government in feigned compliance with a statutory requirement cannot defend against prosecution for his fraud by challenging the validity of the requirement itself." United States v. Knox, 396 U.S. 77, 79, 90 S.Ct. 363, 365, 24 L.Ed.2d 275 (1969). See United States v. Andrews, No. 18590 (6th Cir. Jan. 8, 1969).[1]

Affirmed.

1. It is significant that in Marchetti the Supreme Court emphasized that it was not declaring the wagering tax provisions as such "constitutionally impermissible." 390 U.S. at 61, 88 S.Ct. 697.